HERNAIZ, TARGA & Co., SUCCRS., *S. en C.*, Plaintiff and Appellee, *v.* R. COBIÁN RIVERA, Defendant and Appellant.

No. 4877. Argued December 19, 1929.—Decided November 21, 1930.

*Rafael Arce* for appellant. *De la Torre & Ramírez* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The firm of Hernaiz, Targa & Co., Succrs., *S. en C.*, brought an action in 1927 against R. Cobián Rivera and, after setting forth the facts establishing its personality and that of the defendant, it alleged that the latter owed it the sum of $1,308.48 for goods purchased by him in its commercial establishment and which he found entirely satisfactory; that such amount is liquidated and due and that the defendant has failed to pay it notwithstanding the demands made upon him to do so. The defendant answered and denied all the averments of the complaint except that relating

to the capacity of the parties, and pleaded as new matter that the plaintiff could never refer in its action to any time subsequent to December 15, 1920, and therefore the action was barred in accordance with the Civil Code.. After a trial, the court rendered judgment against the defendant, who has taken the present appeal.

The first two assignments of error set up that the lower court erred in overruling the demurrer to the complaint based on a lack of facts sufficient to constitute a cause of action, and on prescription of the action.

The grounds stated by the appellant in support of the first assignment are the failure to state in the complaint the kind of goods purchased by the defendant, their specific price, the date of delivery, the date of the liquidation of the account, the value of such goods and the manner and date on which they were to be paid. The complaint sets forth the purchase price and also that the debt was demandable when the action was commenced. As to the other particulars mentioned, it was not necessary for the complaint to state the kind of goods sold, nor the date of their delivery to the defendant, because these particulars could have been furnished at his request, as was done before the trial when a copy of the account was delivered to him with a statement from the plaintiff that it would furnish him with any other information that he might require. The demurrer was also properly overruled as to the ground of prescription, because, as the complaint did not state the date of the sale of the goods, the day on which the statute limitations began to run did not appear on the face of the pleading.

It appears from the evidence introduced by plaintiff at the trial that on December 12, 1920, the defendant bought goods from plaintiff to the amount of $1,296.30 and on the 15th of the same month other goods amounting to $12.18, making a total of $1,308.48, which is the sum claimed in this action; that it was a sale for cash, and that ever since the plaintiff

has rendered to the defendant every six months a statement of his account. The only evidence introduced by the defendant was the statement of account delivered to him, at his request, by counsel for the plaintiff including the two items above stated, dated December 12, and 15, 1920.

The defendant in his answer has not denied having bought the goods for which payment is demanded, but he averred that subsequent to December 15, 1920, he has not bought any goods from plaintiff. Nor has he alleged payment of the goods, but that the action herein has prescribed. He has not denied having received the statements of account sent him semiannually as averred by the plaintiff, nor has he stated in any way that the account sought to be collected is erroneous or fraudulent. He did not appear at the trial. In view of these facts and circumstances and that the defendant has had more than a reasonable time in which to object to the account, we may conclude that it became an account stated and that the plaintiff made a prima facie case; and hence the three-year limitation pleaded by the defendant does not apply at all. In *Torres* v. *Lathrop, Luce & Co. et al.*, 16 P. R. R. 172, in which accounts had been rendered and their correctness had not been challenged for several years until the complaint was filed, it was held that the debtor had delayed too long in objecting to the accounts rendered; and it is stated in the syllabus that his failure so to do constituted a tacit approval of the accounts. The following cases are also in point: *Dunavant* v. *Fields,* 28 Ark. 534, 60 S. W. 420; *Oil Co.* v. *Van Etten,* 107 U. S. 325; *Kenneth Invest. Co.* v. *National Bank,* 96 Mo. App. 125, 70 S. W. 173; *Griffith* v. *Hicks* (1921 Ark.), 18 L.R.A. 882.

In view of the foregoing conclusion, it becomes unnecessary to decide whether the action has prescribed owing to the lapse of three years, or to consider the other grounds of the appeal based on questions not related to the rendition of accounts every six months, or whether it was error to admit in evidence proposals made by the appellant to the appellee

in writing and through intermediaries to pay him 20 per cent of his debt in two years, because these matters do not affect the grounds on which we base our affirmance of the judgment of recovery.

The judgment appealed from must be affirmed.